UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

**FILED**

NOV -6 2003

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RX DEPOT, INC. and RX OF CANADA, )<br>LLC, corporations, and CARL MOORE )<br>and DAVID PEOPLES, individuals, )<br>)<br>Defendants. ) | Case No. 03-CV-0616-EA (M) |

## ORDER OF PRELIMINARY INJUNCTION

Plaintiff, United States of America, having filed a complaint for injunction and a motion for preliminary injunction against defendants Rx Depot, Inc. and Rx of Canada, LLC, corporations, and Carl Moore and David Peoples, individuals (collectively "defendants"); and defendants having filed their own motion for preliminary injunction; and the Court having heard the evidence at a hearing on October 8-9, 2003; and the Court having considered the pleadings, the evidence, and arguments of counsel, and having entered its findings of fact and conclusions of law simultaneously herewith; and it appearing that the defendants are violating and, unless restrained by order of this Court, will continue to violate the Federal Food, Drug, and Cosmetic Act (the "Act"), 21 U.S.C. §§ 331(t) and (d), by importing, or causing importation of, drugs in violation of 21 U.S.C. § 381(d)(1), and by introducing or delivering for introduction, or causing to be introduced or delivered, into interstate commerce unapproved new drugs; and it appearing that, despite repeated warnings that their actions violate the law, the defendants will not stop these illegal practices unless enjoined by the Court; and it appearing that the defendants' practices expose the public health to risk;



IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over the subject matter herein and has personal jurisdiction over all parties to this action.

2. The complaint for injunction states a cause of action against the defendants under the Act, 21 U.S.C. § 301 et seq.

3. There is a substantial likelihood that plaintiff will succeed on the merits of its claim that the defendants violate 21 U.S.C. § 331(t), by importing, or causing to be imported, into the United States drugs that were manufactured in the United States by persons other than the defendants, in violation of 21 U.S.C. § 381(d)(1).

4. There is a substantial likelihood that plaintiff will succeed on the merits of its claim that the defendants violate 21 U.S.C. § 331(d), by doing or causing the introduction or delivery for introduction into interstate commerce of drugs that are new drugs within the meaning of 21 U.S.C. § 321(p), that have not been approved by the Food and Drug Administration ("FDA"), in violation of 21 U.S.C. § 355(a).

5. The defendants and each and all of their officers, agents, representatives, employees, successors, assigns, attorneys, and any and all persons in active concert or participation with any of them (including franchisees, affiliates, and "doing business as" entities) who have received actual notice of this Order by personal service or otherwise, are hereby preliminarily restrained and enjoined under 21 U.S.C. § 332(a), from directly or indirectly doing or causing, during the pendency of this action, the introduction, or delivery for introduction, into interstate commerce, including, but not limited to, the importation of, any article of drug, and from directly or indirectly receiving any commission associated with the refill of any prescription.

6. Upon the entry of this Order, the persons and entities identified in the preceding paragraph shall cease offering, advertising, or promoting, through any media, including, but not limited to, the websites www.rxdepot.com and www.rxofcanada.net, any service that causes or facilitates the importation or assistance in importing articles of drug from any place outside the United States.

7. Within 10 calendar days of entry of this Order, the defendants shall send a letter, which must be approved in advance in writing by FDA, to all of their customers notifying them that the defendants' business violates the law and that the safety, purity, and efficacy of drug products obtained through the defendants cannot be assured.

8. Representatives of FDA shall be permitted, without prior notice and as and when FDA deems necessary, to make inspections of the defendants' facilities and, without prior notice, take any other measures necessary to monitor and ensure continuing compliance with the terms of this Order. During such inspections, FDA investigators shall be permitted access to all equipment, finished and unfinished drugs, and all labeling, including promotional materials and website information; to take photographs and make video recordings; to take samples of the defendants' finished and unfinished materials and products, containers, and labeling; and to examine and copy all records relating to product formulation, adverse reactions, complaints, the relationship between defendants and their franchisees, affiliates, and "doing business as" entities, the ordering of prescription drugs from Canada and any other countries, and the receipt, processing, labeling, packing, manufacture, and distribution of any product. Such inspections shall be permitted upon presentation of a copy of this Order and appropriate credentials. The inspection authority granted

by this Order is apart from, and in addition to, the authority to conduct inspections under 21 U.S.C. § 374.

9. The defendants shall provide a copy of this Order, by personal service or registered mail, within 10 calendar days of its entry, to each of their officers, agents, representatives, employees, successors, assigns, attorneys, and any and all persons in active concert or participation with any of them (including all franchisees, affiliates, and "doing business as" entities). The defendants shall provide an affidavit of compliance, signed by a person with personal knowledge of the facts, stating the fact and manner of compliance with the first sentence of this paragraph, and identifying the names and positions of all persons so notified, to FDA within 30 calendar days after the date of entry of this Order. All physical locations and websites shall be identified as such in this written affidavit to FDA.

10. If the defendants or any of their officers, agents, representatives, employees, successors, assigns, attorneys, and any and all persons in active concert or participation with any of them (including, but not limited to, franchisees, affiliates, and "doing business as" entities) violate this Order and are found in civil or criminal contempt thereof, the defendants shall, in addition to other remedies, pay attorney fees, travel expenses incurred by attorneys and witnesses, court costs, expert witness fees, and investigational and analytical expenses incurred by plaintiff in bringing such action.

IT IS SO ORDERED this 6th day of November, 2003.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE